IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| JOHN MERANDA, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 08-04003-CV-C-NKL |
| | ) | |
| CITY OF JEFFERSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Jason William Meranda ("Meranda") committed suicide on January 12, 2005, by hanging himself from a bed sheet in a holding cell at the Cole County Jail in Cole County, Missouri. Plaintiffs are John Meranda, Meranda's father, and Deanna L. Parrott, mother and next friend of Meranda's children, ASM and AMM. Plaintiffs brought suit against a number of defendants, including Defendant City of Jefferson, which placed Meranda into the custody of the Cole County Jail, and Defendants Elgin W. Mansion and Curtis S. Finke, City of Jefferson police officers who transported Meranda from the Audrain County Jail to the Cole County Jail. The individual defendants were sued in their official and unofficial capacities. Plaintiffs claim violation of Meranda's civil rights under 42 U.S.C. § 1983, and for wrongful death under Section 537.080.1 of the Missouri Revised Statutes.

Pending before the Court is Defendant City of Jefferson and Defendants Elgin W. Mansion and Curtis S. Finke's Partial Motion to Dismiss [Doc. # 113]. These defendants move to dismiss: (1) Plaintiffs' claims for punitive damages against the City of Jefferson in Counts I, II, and III of the Second Amended Complaint ("Complaint"); (2) Plaintiffs' claims for punitive damages against

1

Mansion and Finke in their official capacities in Counts I and II of the Complaint; (3) Count II, in its entirety, as against City of Jefferson, Mansion, and Finke; (4) Count III, in its entirety, as against City of Jefferson. For the reasons stated herein, Defendants' motion is granted.

## I.  Complaint

The Complaint alleges, in relevant part that on or about January 11, 2005, Meranda was arrested by an officer of the Public Safety Department of Mexico, Missouri, and held in Audrain County Jail. Meranda remained in the Audrain County Jail until January 12, 2005, when he was released to the custody of Defendants and City of Jefferson police officers, Elgin W. Mansion and Curtis S. Finke, due to an outstanding warrant from the City of Jefferson Police Department. Mansion and Finke transported Meranda to the Cole County Jail, where Meranda was held pursuant to an agreement between the City of Jefferson and Cole County under which the county would take custody of and house the city's arrestees. Plaintiffs further allege that the jail cell Meranda occupied was in a dangerous condition in that "exposed pipes and/or other protrusions" enabled inmates to hang themselves. Finally, Plaintiffs allege that Defendants City of Jefferson, Mansion, and Finke were aware of Meranda's suicidal tendencies. Specifically, the Complaint alleges that Mansion and Finke were aware that Meranda had been prescribed Diazepam, that they were aware that he had been exhibiting depressive symptoms while in their custody, and that they were aware of Meranda's statement that he would "rather blow his head off" which was made during transport from the Audrain County Jail to the Jefferson City Police Department on January 12, 2005.

The Complaint contains three counts. Count I is brought pursuant to 42 U.S.C. § 1983 against all Defendants, including the City of Jefferson, Mansion, and Finke. It alleges that Plaintiffs are entitled to recover for the deprivation of Meranda's constitutional rights due to a variety of

2

actions by a number of different defendants, including the failure of Defendant City of Jefferson to "insure adequate and safe housing" for Meranda. Count II is entitled "Dangerous Condition Of Public Entity's Property" and appears to be brought pursuant to both 42 U.S.C. § 1983 and Section 537.080.1 of the Revised Statutes of Missouri.[1] Count II incorporates by reference the allegations in Count I, and alleges that: (1) the jail cell in which Meranda was held was dangerous due to exposed pipes and other protrusions which allowed Meranda to hang himself; (2) the dangerous condition caused Meranda's death; (3) the dangerous condition created a reasonably foreseeable risk of the kind of injury Meranda suffered; (4) the negligent acts or omissions of Defendants created the dangerous condition of the jail cell; and finally (5) that Defendants knew or by using ordinary care could have known of the dangerous condition of the jail cell in time to prevent Meranda's death. Count III is brought pursuant to Missouri's wrongful death statute, and incorporates by reference the allegations in Counts I and II. Count III alleges that Plaintiffs are entitled to recover from a number of different defendants for negligence on a variety of different theories, including City of Jefferson's "[f]ailure to insure adequate and safe housing" for Meranda while in the custody of Cole County Jail.

## II. Discussion

Because the Defendants have already filed separate answers [Docs. ## 95, 96, and 97] to Plaintiffs' complaint, their motion to dismiss will be treated as a motion for judgment on the

---

[1]Because Missouri does not recognize a common law cause of action for wrongful death, all wrongful death claims are brought pursuant to Missouri's wrongful death statute. *Stern v. Internal Medicine Consultants, II, LLC*, 452 F.3d 1015 (8th Cir. 2006). The statute provides that when a person dies as a result of an "act, conduct, occurrence, transaction, or circumstance," such that the decedent would have been able to recover damages in tort from another party or person had the decedent not died, a cause of action for damages under the statute arises in the decedent's spouse, children, or parents. MO. REV. STAT. § 537.080.1.

3

Case 2:08-cv-04003-NKL   Document 141   Filed 10/21/08   Page 3 of 9

pleadings. When considering a motion for judgment on the pleadings, the Court accepts as true all facts pleaded by the nonmoving party and grants all reasonable inferences from the pleadings in favor of the non-movant. *See Syverson v. FirePond, Inc.*, 383 F.3d 745, 749 (8th Cir. 2004) (citation omitted). "Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Id.* (citing *Faibisch v. University of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002)). The standard of review for a Rule 12(c) motion is essentially the same as for Rule 12(b)(6). *See Wescott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 1969.

Plaintiffs agree that several claims may be dismissed. Specifically, the parties agree to dismissal of the following claims: (1) all punitive damages claims against City of Jefferson in Counts I, II, and III; (2) punitive damages claims against Mansion and Finke in their official capacities in Counts I and II; and (3) Plaintiffs' claim for wrongful death caused by a dangerous condition of property as to Mansion and Finke. The parties disagree only as to whether Counts II and III should be dismissed as to City of Jefferson.

### A. Count II

As City of Jefferson suggests, it is unclear from the Complaint that Count II differs substantively from Counts I and III. To the extent that Count II purports to allege a cause of action under 42 U.S.C. § 1983 for violation of Meranda's constitutional rights, it is redundant with Count I. The two counts contain the same allegations. They both allege that City of Jefferson and Cole

4

County had an agreement pursuant to which arrestees of City of Jefferson (such as Meranda) would be held in the Cole County Jail. Further, both counts allege that the jail cell in which Meranda was held was in a dangerous condition at the time of Meranda's detention, and that the dangerous condition of the cell led to Meranda's death. Defendants suggest that Count II is also redundant with Count III. To the extent Count II purports to state a wrongful death claim against City of Jefferson as a result of the dangerous condition of the Cole County Jail, it is redundant with Count III.[2]

If Count II is not duplicative of Counts I and III, its bare allegations do not sufficiently put City of Jefferson on notice of any separate claims against it. As such, the Court grants Defendant's motion with regard to any federal civil rights or Missouri wrongful death claims contained in Count II. *See generally Ott v. Target Corp.*, 153 F. Supp. 2d 1055, 1062 (D. Minn. 2001) (dismissing count for failing to set forth independent basis of claim).

**B.     Count III**

City of Jefferson argues that Count III fails to state a claim against it under Missouri's wrongful death statute because the city is immune from suit under Section § 537.600.1. Plaintiffs contend that City of Jefferson is not immune from suit because Count III states a claim that falls into an exception to sovereign immunity under Section 537.600.1. Under that section, public entities are immune from tort claims other than those based upon: (1) injuries resulting from the negligence of a public employee's operation of a motor vehicle during the course of his or her employment; or (2) injuries caused by a dangerous condition on a public entity's

---

[2]As discussed *infra* at Section II.B., to the extent Plaintiff's wrongful death claim in Count II is based upon any other theory of liability, it is barred by sovereign immunity and therefore fails to state a claim upon which relief could be granted. MO. REV. STAT. §§ 537.600.1(1) and (2).

property. MO. REV. STAT. §§ 537.600.1(1) and (2). Because the complaint does not allege that decedent was injured as the result of a public employee's operation of a motor vehicle, any wrongful death claim against City of Jefferson must be based upon the "dangerous condition" exception to sovereign immunity set out in Section 537.600.1(2). Plaintiffs contend that Count III falls within that exception.

The "dangerous condition" exception to sovereign immunity applies only where the property at issue is the public entity's property. *Thomas v. Clay County Election Bd.*, No. WD 68514, 2008 WL 2239327, at *4 (Mo. Ct. App. June 3, 2008); *Ford v. Cedar County*, 216 S.W.3d 167, 70–71 (Mo. Ct. App. 2006). The parties disagree as to whether, under the facts as alleged in the complaint, the Cole County Jail can be considered the property of City of Jefferson. Thus, the question becomes whether the Cole County Jail is the "property" of the City of Jefferson for purposes of the "dangerous condition" exception.

Where a public entity holds title to land, that land is obviously considered the "property" of the public entity; a more difficult question is presented where the public entity has some degree of possession of or control over the land in question but does not have title to the land. In such cases, Missouri courts interpret "property" to mean the area over which a public entity has "possession and control rising to an ownership interest." *Thomas*, 2008 WL 2239327 at *6. In determining whether that degree of possession and control exists, courts look to the "authority and ability [of the public entity] to 'monitor the [property], exclude unauthorized persons and generally, exercise control . . . .'" *Id.* (quoting *James v. Farrington*, 844 S.W.2d 517, 519–20 (Mo. Ct. App. 1992)).

In *James v. Farrington*, the Missouri Court of Appeals found that sovereign immunity was waived under the "dangerous condition" exception where a plaintiff was injured on property owned

6

by a church and rented to an election board. 844 S.W.2d 517, 520 (Mo. Ct. App. 1992). The *James* court found that the plaintiff had alleged sufficient facts to establish that the election board exercised the necessary level of possession and control of the portion of the church where the plaintiff was injured. *Id.* The plaintiff alleged that:

> (1) the church did not use that part of the church reserved for election purposes; (2) the Board had full and total control of that part of the church during the election; (3) the Board was given permission to inspect premises, to post any kind of warning and to make any temporary non-invasive alterations to the premises that the Board deemed necessary; and (4) . . . the Board exercised exclusive control over the part or the area of the church contracted for during the election process.

*Id.* at 519.

As noted above, Plaintiffs in this case allege that City of Jefferson, through an agreement with Cole County, housed its arrestees in the Cole County Jail, and that City of Jefferson knew of or had reason to know of the dangerous condition of the Cole County Jail and of the suicidal tendencies of decedent. Plaintiffs here do not allege that City of Jefferson was the exclusive user of the Cole County Jail, that it had total control over the jail, or that it had permission to inspect the premises and post warnings or conduct repairs. Plaintiffs do not allege that City of Jefferson had the requisite authority and control over the Cole County Jail to render the Cole County Jail the "property" of the City of Jefferson.

Plaintiffs contend that, because City of Jefferson maintains no other facility to house and detain its arrestees, it "had a non-delegable duty to provide a safe environment for the persons over whom [it] assumed custody and an obligation to insure that its detainees were not exposed to a dangerous condition in any cell in which the detainees were placed." Plaintiffs cite no authority for the proposition that such a duty would give City of Jefferson the kind of control over Cole County Jail necessary for the jail to be considered the "property" of City of Jefferson for purposes of the

7

"dangerous condition" exception to sovereign immunity.

Missouri courts have also looked to state statutes to determine whether public entities have authority over property and the scope of such authority. *See James*, 844 S.W.2d at 519–20 (finding that county board of election commissioners was in control of private property used as a polling place on election day); *Ford v. Cedar County*, 516 S.W.3d 167 (Mo. Ct. App. 2006) (finding that city was immune from suit for dangerous condition of roadway where a special road district created pursuant to state statute exercised responsibility for the relevant portion of the road); *Vonder Haar v. Six Flags Theme Parks, Inc.*, No. ED 90105, 2008 WL 2796785, at *5–*6 (Mo. Ct. App. July 22, 2008) (finding that state constitution and statutes vested exclusive control over certain property in Missouri Highway and Transportation Department and that, despite appellant's argument that city retained some control, sovereign immunity was not waived as to the city). Relevant to this case are Sections 221.020, 221.040, and 544.240 of the Missouri Revised Statutes, which give the county sheriff custody of and control over jails within the sheriff's county, the duty to receive any "persons who [are] . . . committed to such jail[s] by any competent authority," and the responsibility to "receive and safely keep . . . prisoner[s] in the jail of which he [or she] has charge[.]" Further, under Section 479.180 of the Missouri Revised Statutes, municipalities are given the authority, if they have no place to house arrestees, to commit defendants to the county jail, after which the county sheriff has the duty "to receive and safely keep such prisoner until discharged[.]" Thus, while the statues give City of Jefferson the authority to commit arrestees to Cole County Jail, they give the Cole County Sheriff custody over the jail and the duty to safely keep prisoners in the jail.

Thus, Plaintiffs' allegations and the Missouri statutes demonstrate that City of Jefferson does not exercise sufficient possession or control over the Cole County Jail for the "dangerous condition"

8

exception to sovereign immunity to be applicable here.[3] Because no exception to sovereign immunity applies, and because City of Jefferson has not otherwise waived its immunity, Count III fails to state a claim upon which relief can be granted against Defendant City of Jefferson.

### III.     Conclusion

Accordingly, it is hereby

ORDERED that Defendants' Motion to Dismiss [Doc. # 113] is GRANTED.

s// NANETTE K. LAUGHREY<br>
NANETTE K. LAUGHREY<br>
United States District Judge

DATE: October 21, 2008
Jefferson City, Missouri

---

[3] Section 537.600.1(2) provides that the "dangerous condition" exception to sovereign immunity applies where the plaintiff establishes that " [1] the property was in dangerous condition at the time of the injury, [2] the injury directly resulted from the dangerous condition, [3] that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and [4] that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition. The Court does not reach the question of whether Plaintiffs have established each of the four elements necessary to invoke the exception because Plaintiffs' claim fails on the "threshold question" of alleging that the Cole County Jail was the "property" of City of Jefferson. *See Summitt by Boyd v. Roberts*, 903 S.W.2d 631, 635 (Mo. Ct. App. 1995).